

ORDERED in the Southern District of Florida on February 10, 2016.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                             CASE NO.: 15-29714-RAM
LAZARA QUINONEZ VILLALOBOS        CHAPTER: 13

      **Debtor**
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN OF ANSON STREET, LLC., D.E. # 18

THIS CASE came to be heard on February 9, 2016, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property held by Motion to Value and Determine Secured Status of Lien on Real Property held by Anson Street, LLC.,*(Docket Entry # 18; the "Motion"). Based upon the Debtors' assertions made in support of the Motion, having considered the record in this case, and being duly advised that the parties are in agreement, the Court FINDS as follows:

A. The value of Debtors' real property (the "Real Property") located at 6460 West 27th Court, # 22-53, Hialeah FL 33016 more particularly described as

**LEGAL DESCRIPTION: CONDOMINIUM UNIT NO. 22, IN BUILDING 53, of LAGO GRANDE THREE-C, a Condominium, according to the Declaration of Condominium thereof, as Recorded in Official Records Book 11987, at Page 2980, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto as set forth in said Declaration**

is $90,610.00 at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Anson Street, LLC. (the "Lender") is $221,983.61.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**

2. Lender has an allowed secured claim of 0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on May 14, 2007 at Book 25618 Pages 2798-2807 (10 Pages) in the official records of Miami-Dade County, Florida, shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

.

### 

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.