

**ORDERED in the Southern District of Florida on March 16, 2016.**

_____
Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  CASE NO.: 15-29714-RAM
LAZARA QUINONEZ VILLALOBOS  CHAPTER: 13

       Debtor
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY LAGO GRANDE MASTER ASSOCIATION, INC., D.E. # 22

THIS CASE came to be heard on March 8, 2016, on the Debtors' *Motion to Value and Determine Secured Status of Lien on Real Property held by Lago Grande Master Association, Inc.,* (D.E. # 22); the "Motion"). Based upon the Debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.  The value of Debtors' real property (the "Real Property") located 6460 West 27th Court, # 22-53, Hialeah FL 33016, more particularly described as:

LEGAL DESCRIPTION: CONDOMINIUM UNIT NO. 22, IN BUILDING 53, of LAGO GRANDE THREE-C, a Condominium, according to the Declaration of Condominium thereof, as Recorded in Official Records Book 11987, at Page 2980, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto as set forth in said Declaration

is $90,610.00 at the time of filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of Lago Grande Master Association, Inc. (the "Association") is $221,983.61.

C.  The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Association is $0.00 and Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The motion is **GRANTED.**

2.  Association has an allowed secured claim of $0.00.

3.  Because Association's secured interest in the Real Property is $0, Association's Assessment Lien Rights prior to the filing of the Debtor's bankruptcy petition recorded August 31, 2012 at Book 28252, Page 3139 AND on October 23, 2013, at Book 28879, Page 3636 pursuant to certain Declaration for LAGO GRANDE MASTER ASSOCIATION, INC. of the official records of Miami Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Association's Assessment Lien Rights will no longer be considered void and shall be restored as a lien on the Real Property.

4.  Association has not filed a proof of claim. The trustee shall not disburse any payments to Association unless a proof of claim is timely filed. In the event a proof of claim is timely

      filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim in any amount in excess of such, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.